UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:   **09-CV-61174-Moreno-Torres**

JEFFREY D. BIANCHI,

    Plaintiff,

v.

THOMAS K. BAMFORD, ATTORNEY AT LAW, AND
CACH, LLC,

    Defendants.

_____/

> FILED by *VT* D.C.
> ELECTRONIC
>
> **August 3, 2009**
>
> STEVEN M. LARIMORE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. · MIAMI

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act,

Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act,

47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15

U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and

Defendant, THOMAS K. BAMFORD, ATTORNEY AT LAW, placed telephone

calls and sent letters into this District on behalf of Defendant, CACH, LLC.

## PARTIES

3.      Plaintiff, JEFFREY D. BIANCHI, is a natural person and citizen of the State of Florida who resides in Broward County, Florida.

4.      Defendant, THOMAS K. BAMFORD, ATTORNEY AT LAW, ("BAMFORD") is an attorney and citizen of the State of Texas with its principal place of business at Suite 201, 1201 Richardson Drive, Richardson, Texas 75080

5.      Defendant, CACH, LLC, ("CACH") is a limited liability company and citizen of the State of Colorado with its principal place of business at Second Floor, 4340 Monaco Street, Denver, Colorado 80237.

## FACTUAL ALLEGATIONS

6.      Defendant sought to collect from Plaintiff an alleged debt arising from a credit card with Metris which Plaintiff used for primarily for personal, family or household purposes.

7.      Plaintiff defaulted on the alleged debt many years ago.

8.      After the alleged debt went into default, Metris sold the alleged debt.

9.      Defendant, CACH, purchased the alleged debt from Metris or a subsequent holder.

10.      Defendant, CACH, assigned the debt for collection to other debt collectors including but not limited to, Defendant, BAMFORD, who in turn sought to collect the alleged debt from Plaintiff.

2

11.     Defendant, BAMFORD, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12.     Defendant, CACH, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

13.     Defendant, BAMFORD, regularly collects or attempts to collect debts for other parties.

14.     Defendant, BAMFORD, is a "debt collector" as defined in the FDCPA.

15.     Defendant, CACH, is a "debt collector" as defined in the FDCPA.

16.     At all times material to the allegations of this complaint, Defendant, BAMFORD, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17.     At all times material to the allegations of this complaint, Defendant, CACH, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18.     Defendant, CACH, authorized other debt collectors including but not limited to Defendant, BAMFORD, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

3

19.     Other debt collectors including but not limited to Defendant,

BRAMFORD, sent letters and placed telephone calls to Plaintiff in an effort to

collect the alleged debt on behalf of CACH.

20.     Defendant, CACH, conveyed information to Plaintiff regarding the

alleged debt through Defendant, BAMFORD'S telephone calls to Plaintiff.

21.     By virtue of its status as a debt collector, CACH, is vicariously liable

to Plaintiff for BAMFORD'S violations of the FDCPA. See *Pollice v. National*

*Tax Funding, L.P.,* 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T.,*

*Inc.,* 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v.*

*Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22.     Defendant, BAMFORD, left the following messages on Plaintiff's

voice mail on his cellular telephone service on or about the dates stated:

July 11, 2008
Message is for Jeffrey Bianchi. My name is Isaiah Rubio. I am with the Law
Office of Thomas K. Bamford. If you can please return this call to our
attorney's office. That number is 1-800-977-9668, extension 284. Again my
name is Rubio and I am with the Law Office of Thomas K. Bamford's
office. If you can please return this call back as soon as possible. We thank
you for your time, sir. Have a great day.

July 14, 2008
This message is for Jeffrey Dennis Bianchi. My name is Isaiah Rubio. I am
with the Law Office of Thomas K. Bamford. If you can please return this
call to our attorney's office. Our number is 1-800-977-9668, extension 284.
My name is Rubio with the Law Office of Thomas K. Bamford. Please
return this call back as soon as possible. Thank you.

4

August 1, 2008, SISTER'S HOME IN MASSACHUSETTS

Yes. This message is for Jennifer Lemieux. I am sorry L-e-m-i-e-u-x. My name is Isaiah Rubio. I am with the Law Office of Thomas K. Bamford. I am looking for Jeffrey Dennis Bianchi. If you can have him return this call to this attorney's office. This number is 1-800-977-9668, extension 284. Thank you for your time. Have a good day.

August 9, 2008

This message is for Jeff Bianchi or Dennis Bianchi. My name is Isaiah Rubio. I am with the Law Office of Thomas K. Bamford. If you could please return this call to this attorney's office. That number is 1-800-977-9668, extension 284.

August 11, 2008

Yes. This message is for Jeffrey Bianchi or Dennis Bianchi. My name is Mr. Rubio. I am with an attorney's office by the name of Thomas K. Bamford. I need a return phone call to this attorney's office today as soon as possible, maybe even tomorrow morning. Call me back at 1-800-977-9668, extension 284. Thank you.

August 23, 2008

This message is for Jeffrey Bianchi or Dennis Bianchi. My name is Isaiah Rubio. I am with the law office Tom Bamford. I need you to contact our office at 1-800-977-9668, extension 284. This is the law office Tom Bamford. It is imperative that you contact this office as soon as possible. Thank you for your time, sir, and you have a great weekend.

September 8, 2008

Yes. This message is for Jeffrey Bianchi also known as Dennis Bianchi. My name is Isaiah Rubio. I am with the law office of Tom Bamford. Please return this call to my attorney's office. That number is 1-800-977-9668, extension 284. Again, my name is Rubio. I am with the law office of Tom Bamford. Please return this call back as soon as possible. Thank you. Have a good day.

September 10, 2008

Message is for Jeffrey Bianchi. Mr. Bianchi, my name is Rubio. I am with the law office of Tom Bamford. I can help you out. I just need a call back, you need to talk to me. Again, my name is Rubio. I am with the law office of

Tom Bamford. It is imperative that we talk. Give me a call back as soon as possible. I can help you, but you have got to call back today.

September 17, 2008
This message is for Jeffrey or Dennis Bianchi. Return the phone call to J. Roberson. My phone number is 1-800-977-9668, extension 283.

September 19, 2008
Jeffrey Bianchi, return the phone call to Jay Roberson. I am with the Law Offices of Thomas Bamford. My phone number is 1-800-977-9668, extension 283.  Mr. Bianchi, sir, you need to check your messages ,sir, cause things are taking place.

October 6, 2008
Hello. Hello. Bye.

October 7, 2008
Jeffrey Bianchi, return the phone call to Jay Roberson.  My office phone number is 1-800-977-9668, extension 253.

October 20, 2008
Hello Jeffrey. Jeffrey, this is Jay Roberson. I am calling from an attorney's office. Return the phone call to my office either tonight or on Tuesday morning. Jeffrey, to reach Jay Roberson, my phone number is 1-800-977-9668. When calling, my extension would be 251.

November 5, 2008
Jeffrey Bianchi. This is Jay Roberson. Return the phone call to my office. I can be reached at 1-800-977-9668, extension 251. Wake up, sir. You need to find out what is going on.

November 20, 2008
This is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

November 26, 27, December 1, 4, 7, 2008
This is not a call from a telemarketer. This is a call from The Law Office of Thomas K. Bamford. Please call The Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM central time. This is an attempt to collect a debt, and any information obtained will be used for that

purpose. Once again, please call The Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM central time. Thank you.

December 9, 2008
Jeffrey Bianchi, return this phone call to Jay Roberson. I can be reached at 1-800-977-9668. My extension is 251.

December 10, 2008
Jeffrey, return the phone call to Jay Roberson. I can be reached at 1-800-977-9668, extension 251.

Hello, this is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

December 14, 2008
This is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

December 16, 2008
This is not a call from a telemarketer. This is a call from the Law Office of Thomas K. Bamford. Please call the Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM Central time. This is an attempt to collect a debt and any information obtained will be used for that purpose. Once again, please call The Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM Central time. Thank you. Good-bye.

December 20, 21, 26, 28, 2008
This is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

December 30, 2008
Please continue to hold. Your call is very important to us. We will be with you shortly. Please continue to hold. Your call is very important to us. We will be with you shortly. Please continue to hold. Your call is very important to us. We will be with you shortly.

Hello. This is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

January 4, 7, 8, 10, 11, 12, 2009
This is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

January 14, 2009
This is not a call from a telemarketer. This is a call from The Law Office of Thomas K. Bamford. Please call The Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM central time. This is an attempt to collect a debt and any information obtained will be used for that purpose. Once again, please call The Law Office of Thomas K. Bamford at 800-977-9668 tomorrow between 8 AM and 6 PM central time. Thank you. Good-bye.

January 20, 2009
Mr. Jeffrey Dennis Bianchi. The last name spelled B-I-A-N-C-H-I. My name is Jim Brandon. I am a legal assistant at The Law Office of Attorney Thomas Bamford Law Firm. It would be important for you to give us a call at your earliest convenience. My number here is toll free, 1-800-977-9668 and ask for extension 227. Now federal law does require us to inform you that this is an attempt to collect a debt on behalf of our client and any information of yours that we may obtain will be used for that purpose.

March 13, 2009
Please press 1 now. If this is not Jeffrey Bianchi, please press 2. Hello, this is an important call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Good-bye.

March 16, 2009
Hi, this message is for Jeffrey Bianchi to return the call to Ms. Davis, at attorney of Thomas Bamford office. Please reach me at 1-800-977-9668. Again, Jeffrey Bianchi please contact me  Ms, Davis at attorney of Thomas K. Bamford office. This is an attempt to collect a debt, any information obtained will be used for that purpose. Please reach me at 800-977-9668, extension 258.

Hello, this is an import call for Jeffrey Bianchi. This is not a telemarketing call. Please ask Jeffrey Bianchi to call us at 800-977-9668. Thank you. Goodbye.

March 19, 23, 2009
We are sorry but we are temporarily to enable to connect you with a representative. However your call is very important to us, please call back to 800-977-9668. Thank you. Goodbye.

March 24, 2009, 4:52 PM
Jeffrey Bianchi, this is Ms. Brown with Attorney Bamford Offices. Jeff, we have been leaving you several messages. Do need to hear back from you today or the attorney representing you before 5 PM Central Standard time. This is an attempt to collect a debt on behalf of my client. Any information obtained will be used for that purpose. Toll free is 800-977-9668, extension 256.

March 24, 2009, 5:37 PM
Please press 1 now. If this is not Jeffrey Bianchi please press 2. Goodbye.

March 27, 2009
Please press 1 now. If this is not Jeffrey Bianchi, please press 2. Goodbye.

March 30, 2009
Please press 1 now. If this is not Jeffrey Bianchi, please press 2. Goodbye.


23.     Defendant, BAMFORD, left similar or identical messages for Plaintiff

on other occasions. (Collectively, "the telephone messages").

24.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

9

25.     Defendant, BAMFORD, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

26.     Defendant, BAMFORD, knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

27.     Defendant, BAMFORD, filed a suit in Broward County Court on behalf of Defendant, CACH, seeking to collect the alleged debt.

28.     Defendant, BAMFORD, sent discovery requests directly to Plaintiff when it knew Plaintiff was represented by counsel.

29.     Plaintiff's attorney had not consented to Defendants' direct communication with Plaintiff.

30.     Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

31.     No court had authorized Defendant's direct communication with Plaintiff.

32.     BAMFORD, and other debt collectors acting on behalf of Defendant, CACH, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

10

33.     Defendant, BAMFORD, willfully or knowingly violated the TCPA.

34.     As assignee of Metris, Defendant, CACH, is liable to Plaintiff for BAMFORD'S, and any of CACH'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

35.     None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

36.     Plaintiff incorporates Paragraphs 1 through 35.

37.     Defendant, BAMFORD, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

11

c.      Such other or further relief as the Court deems proper.

**COUNT II**
**COMMUNICATION WITH A CONSUMER REPRESENTED BY**
**COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)**

38.     Plaintiff incorporates Paragraphs 1 through 35.

39.     Defendant, BAMFORD, communicated directly with Plaintiff when

Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C.

§1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

**COUNT III**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

40.     Plaintiff incorporates Paragraphs 1 through 35.

41.     Defendant, BAMFORD, asserted the right to collect a debt by leaving

repeated telephone messages for Plaintiff without disclosing that it is a debt

collector, or the purpose of its communications, and by using an automatic

telephone dialing system or an artificial or pre-recorded voice to place calls to a

cellular telephone service without prior express consent, all done when

12

BAMFORD knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, BAMFORD, for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42.   Plaintiff incorporates Paragraphs 1 through 35.

43.   By failing to disclose that it is a debt collector, and the purpose of its communication, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, Defendant, BAMFORD, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, BAMFORD, for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

13

**COUNT V**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

44.     Plaintiff incorporates Paragraphs 1 through 35.

45.     Defendant, BAMFORD, and other debt collectors acting on behalf of Defendant, CACH, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

46.     As assignee of Metris, Defendant, CACH, is liable to Plaintiff for BAMFORD'S, or any of CACH'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Such other or further relief as the Court deems proper.

**COUNT VI**
**DECLARATORY AND INJUNCTIVE RELIEF**

47.     Plaintiff incorporates Paragraphs 1 through 35.

14

48.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants' practices are in violation of the TCPA and the FCCPA.

49.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

50.     Plaintiff seeks a permanent injunction prohibiting Defendants from continuing violation of the FCCPA.

51.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendants from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.     declaring that Defendants' practices violate the TCPA and the FCCPA;

b.     permanently injoining Defendants from engaging in the violative practices; and

c.     Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this ⟍ day of August, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339

15

Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658

16

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Jeffrey D. Bianchi

**DEFENDANTS**

Thomas K. Bamford, Attorney At Law and CACH, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) BROWARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09CV 61174-Morend-Torres

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II.   BASIS OF JURISDICTION**
(PLACE AN X IN ONE BOX ONLY)

☐ 1.  U.S. Government Plaintiff

☒ 3.  Federal Question (U.S. Government Not a Party)

☐ 2.  U.S. Government Defendant

☐ 4.  Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ | ☐ | Foreign Nation | ☐ | ☐ |
|  | 3 | 3 |  | 3 | 3 |

**IV.   CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.**   1-2  days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT**   (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle   ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | ☐ 555 Prison Condition *A or B | | | |

**VI. ORIGIN**   (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☑ CLASS ACTION No   UNDER F.R.C.P. 23

CLASS ACTION No

DEMAND $ N/A

Check YES only if demanded in complaint

JURY DEMAND:   ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: August 2, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 547060   Amount 350.00

Date Paid: _____   M/ifp: _____

S/F 1-2
REV 9/94

FTL/LINP/266449/5pld01!.DOC/7/31/09/26094.010400

17 of 17